

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD LOADHOLT, 03-R-5206,

    Plaintiff,

-v-                                    09-CV-553Sc
                                              **ORDER**

DOC, OMH, JANE DOE and JOHN DOE,

    Defendents.

---

## INTRODUCTION

Plaintiff Ronald Loadholt, an inmate of the Wende Correctional Facility ("Wende"), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 ("§ 1983") and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 et seq. ("ADA")[1] (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos 2 and 5). Plaintiff claims that the defendants, the New York State Department of Correctional Services (DOCS), the New York State Office of Mental Health (OMH), and John Doe and Jane Doe at Wende have failed to properly or sufficiently treat or attend to his medical, mental health and learning disability needs. Plaintiff

---

[1] Although Plaintiff does not cite the ADA in his complaint, he is proceeding *pro se*, and the Court must liberally construe his pleadings "to raise the strongest arguments that they suggest." *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). To the extent that the complaint alleges that his learning disabilities were not accommodated, and that he was denied assistance that he required in dealing with, *e.g.*, grievance procedures, the Court has cobstrued his complaint as asserting claims under Title II of the ADA.

seeks monetary damages and declaratory and injunctive relief. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his § 1983 claims against DOCS and OMH and his ADA claims against Jane Doe and John Doe are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and plaintiff is directed to file an amended complaint as directed below.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson, v. Pardus, 551

U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1959 (2007) (internal quotation marks and citation omitted); see *also* <u>Boykin v. Keycorp</u>, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after <u>Twombly</u>). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erikson</u>, 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

A. <u>§ 1983 Claims</u>

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Whalen v. County of Fulton</u>, 126 F.3d 400, 405 (2d. Cir. 1997) (citing <u>Eagleston v. Guido</u>, 41 F.3d 865, 875-76 (2d Cir.1994)).

Based on its evaluation of the complaint, the Court finds that plaintiff's § 1983 claims against DOCS and OMH must dismissed. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See* <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 98-100 (1984). The Eleventh

Amendment bar extends to agencies and officials sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). "An official arm of the state," such as DOCS and OMH, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999). *See also* Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991) "Agencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." Plaintiff's claims for monetary damages against the defendants DOCS and OMH are therefore barred by the Eleventh Amendment.

Nor may plaintiff seek injunctive or declaratory relief against DOCS directly. *See* Flores v. N.Y. State Dep't of Corr. Servs., 02 Civ. 7266 (AKH,) 2003 U.S. Dist. LEXIS 1680, at *9 (S.D.N.Y., Feb. 5, 2003) ("[P]laintiff cannot seek an injunction against DOCS directly; a plaintiff is entitled to prospective relief only by naming a state official rather than the state or a state agency directly.") (citing Pennhurst, 465 U.S. at 102).

However, the claims for such relief may proceed against the state officials named in his suit. In Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) the Supreme Court carved out a "narrow exception to the general rule of Eleventh Amendment

immunity from suit." <u>Frew ex rel. Frew v. Hawkins</u>, 540 U.S. 431, 438, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). That exception permits a plaintiff to sue state officials, in their official capacities, so long as the plaintiff seeks only prospective declaratory or injunctive relief to remedy an ongoing violation of federal law. <u>Frew</u>, 540 U.S. at 437; <u>In re Deposit Ins. Agency</u>, 482 F.3d 612, 617 (2d Cir. 2007); <u>Jones v. New York State Div. of Mil. and Naval Affairs</u>, 166 F.3d 45, 49-50 (2d Cir. 1999). Accordingly, courts have held that a plaintiff seeking to enjoin a state agency from continuing to violate federal law must sue the relevant state officials in their official capacity, not the state or state agency itself. *See, e.g.,* <u>Deposit Ins. Agency</u>, 482 F.3d at 618 ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective'") (quoting <u>Verizon Maryland Inc. v. Public Serv. Comm'n of Maryland</u>, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002)); *see also,* <u>Dicks v. Binding Them Together, Inc.</u>, 03 Civ. 7411 (HB), 2007 U.S. Dist. LEXIS 36615, at *16 (S.D.N.Y., May 21, 2007) ("Plaintiff's claims for prospective injunctive relief are not barred by the Eleventh Amendment -- provided, however, that Plaintiff brings those claims against a state official, rather than the state itself.") (citing <u>Santiago v.</u>

New York State Dep't of Correctional Services, 945 F.2d 25, 32 (2d Cir. 1991)).

Plaintiff has named two state officials, John Doe and Jane Doe, as defendants in this action, and his § 1983 claims for prospective injunctive and declaratory relief against those defendants are not barred by the Eleventh Amendment to the extent that such claims are asserted against these defendants in their official capacity. See Wagner v. Conn. Dep't of Corr., 599 F. Supp. 2d 229, 237-38 (D. Conn. 2009). Plaintiff's claims for monetary damages against defendants Doe and Doe in their individual capacities may likewise proceed, subject to the requirement, discussed below, that plaintiff file an amended complaint.

B. Americans with Disdabilities Act Claims

Title II of the ADA, which prohibits discrimination on the basis of disability, applies to inmates in state prison. Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206, 118 S. Ct. 1952, 1955, 141 L. Ed. 2d 215 (1998). To establish an ADA violation, an inmate must demonstrate that (1) he is a qualified individual with a disability; (2) he is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his disability; and (3) the defendants are subject to the ADA. Allah v. Goord, 405 F. Supp. 2d 265, 274 (S.D.N.Y. 2005).

Liberally construed, the second cause of action in the complaint herein alleges ADA claims alleges that the defendants violated the ADA by failing to provide plaintiff, who alleges that he is learning disabled, with appropriate assistance in preparing and prosecuting a grievance or grievances concerning the defendants' failure to properly treat his medical and psychiatric needs.

Plaintiff's ADA claims for monetary damages against DOCS and OMH are actionable and may go forward at this juncture. *See* <u>United States v. Georgia</u>, 546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006) (Title II of the ADA validly abrogates state sovereign immunity insofar as it created a private cause of action for damages against the States for conduct that violates the Fourteenth Amendment); *see also* <u>Abreu v. Merson</u>, 07-CV-6491L, 2007 U.S. Dist. LEXIS 92147, at *3 (W.D.N.Y., Dec. 13, 2007) (plaintiff inmate's ADA Title II claims against DOCS and OMH were actionable under <u>Tennessee v. Lane</u>, 541 U.S. 509, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004)).[2]

However, for the reasons discussed below, plaintiff's ADA Title II claims against defendants Jane Doe and John Doe must be

---

[2] The Court's determination that plaintiff's claim for monetary damages against DOCS and the OMH may go forward at this early stage of the instant action should not be interpreted as indicating whether plaintiff has alleged an ADA Title II violation involving a "fundamental right," which is a predicate for any claim of money damages under Title II against a state entity. *See, e.g.,* <u>Nieves v. Aldrich</u>, 07-CV-655 (DHN/GJD), 2009 U.S. Dist. LEXIS 87214, at *11-12 (N.D.N.Y., Aug. 28, 2009).

dismissed. The Second Circuit has recognized that a valid ADA claim may be stated against a state official in his <u>official</u> capacity. *See* <u>Henrietta D. v. Bloomberg</u>, 331 F.3d 261, 289 (2d Cir. 2003) Title II of the ADA, however, does not "provide[] for <u>individual</u> capacity suits against state officials." *See* <u>Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn</u>, 280 F.3d 98, 107 (2d Cir. 2001) (emphasis added); *see also,* <u>Shariff v. Goord</u>, 04-CV-6621, 2005 U.S. Dist. LEXIS 22443, (W.D.N.Y. Aug. 04, 2005) ("Since the Eleventh Amendment only shields individual defendants in their official capacities to the same extent that it shields DOCS, it follows that the individual defendants may be sued in their official capacities for violating the ADA."). However, where a plaintiff has sued the state or a state entity under the ADA, and an official capacity claim against an individual defendant would be redundant, courts in this Circuit have dismissed ADA claims against individual defendants in their official capacities. *See, e.g.,* <u>Fox v. State Univ. Of N.Y.</u>, 05 CV 2350 (ADS)(ETB), 497 F. Supp. 2d 446, 451 (E.D.N.Y. 2007)("Because the State is the real party in interest for the plaintiff's [ADA] claims against the individual defendants in their official capacities, it would be redundant to permit these claims to proceed when the plaintiff already has a cause of action against the State and her remaining claims against the individual defendants have been dismissed."); <u>Hallett v. New York State Dept. of Correctional Servs</u>., 109 F. Supp. 2d 190,

199-200 (S.D.N.Y. 2000) ("Because plaintiff is able to assert his ADA and Rehabilitation Act claims against DOCS directly . . . there is no justification for allowing plaintiff to also assert ADA and Rehabilitation Act claims against the individual defendants in their official capacities."). Therefore, plaintiff's ADA claims against defendants Jane Doe and John Doe must be dismissed.

To the extent plaintiff seeks prospective declaratory and injunctive relief against DOCS and OMH, his claims may go forward at this juncture.

C. <u>Defendants Jane and John Doe</u>

As discussed above, the only individual defendants named in plaintiff's suit are Jane Doe and John Doe. The Court has determined, as explained above, that certain of plaintiff's claims against these defendants may go forward, but the Court must first endeavor to identify the "Doe" defendants' real identities. The Court is obligated, under <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997), to assist indigent prisoners in identifying and serving John and Jane Doe defendants. The Court can fulfill this obligation by directing the superintendent of the relevant correctional facility to be served with the summons and complaint and to identify the name of a John or Jane Doe defendants based upon the plaintiff's description of the defendant, and the date and time at which the events recited in the complaint occurred. *See, e.g.*, <u>Williams v.</u>

Doe, 03-CV-782E, 2004 U.S. Dist. LEXIS 30309, at *3-4 (W.D.N.Y., Feb. 6, 2004).

In the instant case, however, plaintiff's barebones complaint provides no information regarding these defendants that would allow the Court to direct that the superintendent or some other appropriate state official undertake to identify the names of defendants Jane Doe and John Doe.[3] Moreover, the complaint fails to sufficiently put the defendants on notice of what the claims are as required by Fed. R. Civ. P. 8 and 10; *i.e.*, plaintiff does not allege with any degree of detail or specificity what it is that defendants Jane Doe and John Doe did or failed to do to him which violated his rights. Therefore, the Court will direct that plaintiff file an amended complaint which will supercede and replace in its entirety the original complaint, in which he will, to the best of his recollection, provide a physical description of Jane Doe and John Doe, including such details as approximate age, height and weight, hair color, race, and a description of each defendant's title or apparent position (*e.g.*, corrections officer, nurse. Plaintiff is further directed, in the amended complaint, to indicate each act or omission to act by each defendant(*i.e.*, what each defendant did, or failed to do, to plaintiff) which plaintiff alleges violated his rights, and the location and approximate date

---

[3]The only reference contained in the complaint that might assist in identifying the Doe defendants is the allegation that "the nurse administer (sic) stop muscle relaxer to give Ibuprophen (sic) instead."

on which such acts or omissions to act took place. Plaintiff is advised in the amended complaint, to indicate with greater specificity the injunctive relief he is requesting with respect to his alleged learning disability.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub norm., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed. 2d 758 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff's application for the appointment of counsel (Docket No. 3) is denied as premature.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied without prejudice.

For the reasons set forth above, plaintiff's § 1983 claims against defendants DOCS and OMH are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's § 1983 claims for monetary damages against defendants Jane Doe and John Doe, in their individual capacities, may proceed, subject to the requirement that plaintiff file, by **December 21, 2009,** an amended complaint in which he provides a description of Jane Doe and John Doe, as explained above, that will facilitate the identification of the actual names of the defendants and which will inform the defendants of what it is they are alleged to have done or have failed to do to plaintiff and thereby violated his rights. Similarly, plaintiff's § 1983 requests for injunctive relief against defendants Jane Doe and John Doe in their official capacity may proceed, subject to the requirement that plaintiff file an amended complaint by **December 21, 2009.**

Plaintiff's ADA claims for monetary damages and injunctive relief against defendants DOCS and OMH may go forward. Plaintiff's ADA claims against defendants Jane Doe and John Doe are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Plaintiff must file, by **December 21, 2009,** an amended complaint, in which he will be required to provide, as explained above, additional information with respect to defendants Jane Doe and John Doe. Plaintiff is advised that his amended complaint should indicate with greater specificity the injunctive relief he

is requesting with respect to the learning disability which is the basis for his ADA claims.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims against defendants Jane Doe and John Doe will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) and service will be made of only the ADA claims against defendants DOCS and OMH.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted and plaintiff's motion for appointment of counsel is denied without prejudice;

FURTHER, that plaintiff's § 1983 claims against defendants DOCS and OMH are dismissed with prejudice;

FURTHER, that plaintiff's ADA claims against defendants Jane Doe and John Doe are dismissed with prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **December 21, 2009**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **December 21, 2009**, the plaintiff's

§ 1983 claims against defendants Jane Doe and John Doe will be dismissed with prejudice without further order of the Court; and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **December 21, 2009**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the ADA claims upon defendants DOCS and OMH, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the amended complaint once it has been served on them.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   November 20, 2009
         Rochester, New York