UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Ronald Loadholt,

                                   Plaintiff,                          **Hon. Hugh B. Scott**

                                                                             09CV553

                              v.                                        **Report &**
                                                                        **Recommendation**


Robert A. Kirkpatrick, et al.,

                                        Defendants.

_____


        The plaintiff commenced this action asserting claims against the New York Department

of Correctional Services (DOCS) and the New York Office of Mental Health (OMH), as well as

other defendants. By Order dated November 24, 2009, District Judge Michael A. Telesca

dismissed certain claims asserted against DOCS and OMH, but allowed that the plaintiff's claims

pursuant to the Americans with Disability Act (ADA) could proceed. (Docket No. 6).  Further,

the Court gave the plaintiff permission to amend the complaint by December 21, 2009.  The

plaintiff did not file an amended complaint by that date, but instead, moved for an extension of

time to file an amended complaint. (Docket No. 8). District Judge Telesca granted the motion

and directed the plaintiff to file an amended complaint by March 8, 2010.  (Docket No. 9).  On

March 9, 2010, the plaintiff filed an amended  complaint (incorrectly docketed as an "exhibit")

(Docket No. 13). On March 18, 2010, the plaintiff filed yet another amended complaint. (Docket

No. 12). It appears that each of the various complaints filed by the plaintiff contain different

1

claims. None of these complaints have yet been served upon any defendants in this case.

The plaintiff then brought another motion seeking permission to file yet another amended complaint to name additional defendants and assert additional allegations of on-going violations of his rights. (Docket No. 14). The Court granted the motion and directed the plaintiff to file one amended complaint containing all of the claims the plaintiff wishes to proceed with, and naming all of the defendants in one document. The plaintiff was directed to make such a filing by November 30, 2011.  (Docket No. 15).

The defendant failed to file an amended complaint as directed in this Court's Order. (Docket No. 15). The Court also notes that correspondence from the Court to the plaintiff was returned as undeliverable.  (See Docket Entry dated March 12, 2012).

Although the plaintiff did not request an extension, or contact the Court in any way with respect to this matter, the Court provided the plaintiff another opportunity to continue prosecuting his claims in this matter.  The Court directed that the plaintiff comply with the September 23, 2011 Order and provide the Court with a current address by May 25, 2011. (Docket No. 17).  In bold capital letters, the Court's Order advised the plaintiff that his failure to file an amended complaint and provide the Court with a current address by May 25, 2012 would result in the dismissal of this case based upon the plaintiff's failure to prosecute.   The plaintiff has still failed to comply with this Court's September 23, 2011 and May 2, 2012 Orders.  The plaintiff has not contacted the Court in any manner with respect to this case in more than one year.

Based on the above, it is recommended that this case be dismissed with prejudice based upon the plaintiff's failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may**

3

**result in the District Court's refusal to consider the objection.**

       So Ordered.


                                           /s/ Hugh B. Scott
                                    United States Magistrate Judge
                                    Western District of New York

Buffalo, New York
June 12, 2012